UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 2:08-cr-56-01
                                                  HON. ROBERT HOLMES BELL

KEVIN JERMAINE RODGERS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In 2004 Kevin Jermaine Rodgers pled guilty to one count of distribution to an unspecified amount of cocaine base in excess of five grams. 21 U.S.C. § 841(a)(1). Following this plea of guilty, on July 22, 2004, defendant Rodgers was sentenced to 46 months incarceration, to be followed by four years of supervised release. *See United States of America v. Kevin Jermaine Rodgers*, No. 2:04-cr-07. One of the conditions of defendant Rodgers' supervised release was "the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer." While on supervised release in the case of *United States of America v. Kevin Jermaine Rodgers*, No. 2:04-cr-07, defendant allegedly committed the offenses charged in the present case. In this case, Rodgers is charged in four counts of a five count indictment with conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)iii and 846, and for distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2(a). Defendant was arrested on November 12, 2008, after he allegedly sold crack cocaine to

Michigan State Police Trooper Craig Michelin, who was working undercover for the Upper Peninsula Substance Enforcement Team (UPSET).

Following his arrest, defendant filed a motion to suppress the statement he made to police officers and a motion to suppress the evidence that was discovered during the search of a locked room in a residence rented by Steven Calhoun. The motions were fully briefed and a hearing was held on March 30, 2009. On April 15, 2009, the undersigned issued a Report and Recommendation recommending that defendant's Motion to Suppress Statement and Motion to Suppress Evidence be denied. The undersigned recommended that the Court find that defendant's Motion to Suppress Evidence should be denied because (1) defendant Rodgers, a convicted felon on supervised release, supposed to be living in Marquette, did not have an expectation of privacy in a locked room in an apartment in Ishpeming rented by Steven Calhoun, and (2) that the search of the locked room was conducted after the issuance of a valid search warrant. On April 29, 2009, Rodgers filed an objection to the Report and Recommendation, specifically to that portion recommending that the Court find that Rodgers did not have a legitimate expectation of privacy in the locked bedroom. Rodgers did not object to the conclusion that the search of the locked room was conducted after the issuance of, and pursuant to, a valid search warrant. On May 4, 2009, United States District Judge Robert Holmes Bell issued an order adopting the Report and Recommendation and denied defendant's Motion to Suppress. The Court noted that, "Defendant has not raised any specific objections to the Magistrate Judge's conclusion that the search was conducted pursuant to a valid search warrant. The Court is satisfied that there was sufficient evidence in the record to support the Magistrate Judge's finding that the search warrant was valid. The valid search warrant provides a sufficient basis for denying Defendant's motion to suppress evidence." *See* Order on Motions to Suppress, Docket #96, at page 2.

Thereafter, unhappy with his appointed counsel, defendant Rodgers sought and was appointed new counsel. New counsel filed a Motion to Suppress Evidence; Motion to Reopen Hearing on Motion to Suppress Evidence. The request to reopen the hearing on the motion to suppress evidence was granted on September 11, 2009. *See* Docket #147. The parties briefed the matter and a hearing was held on September 22, 2009. Testifying at the hearing was Marcus Paul Nelson, who lived in the apartment above Steven Calhoun's apartment.

In a telephone conference held on September 24, 2009, the Court was informed that an audio recording of some of the events of November 12, 2008, had been discovered. The parties agreed to admit the audio recording for purposes of the motion to suppress. The undersigned received a copy of that recording and has listened to the entire recording.

Defendant first argues that the search of the bedroom in Calhoun's house, which was used by defendant Rodgers, was pursuant to a search warrant issued upon an affidavit which contained materially false statements and the reliance on those false statements by the affiant was in reckless and unreasonable indifference to the truth. In the affidavit presented in support of the search warrant, Detective Michelin stated:

> During this same time, Crystal Abbott stated she also witnessed Kevin Rodgers in possession of a very large sum of money gained through illegal drug sales. She informed Detective Lieutenant Racine that she personally witnessed Kevin Rodgers hide this money inside a stereo speaker in the basement of the residence as he expressed he did not trust Steven Calhoun to know its whereabouts due to his belief he would steal it.

The affidavit in support of the search warrant went on to explain:

> On the evening of 11/12/08, D/Sgt. Koski, D/Lt. Racine, and other UPSET Detectives traveled to 600 East High Street in Ishpeming, MI and contacted Steven Calhoun in the ground level apartment identified by Crystal Abbott. After contacting Steven Calhoun, they

> were able to confirm through statements made by Calhoun that the apartment they were in was in fact his current place of residence and that Kevin Rodgers also lives there as well.

According to defendant, the statement attributed to Abbott and the statement attributed to Calhoun should not have been utilized in the search warrant as the officer should have known that the statements were untrue or relied upon in reckless disregard of the truth. To support this argument defendant relies upon the testimony of Abbott and Calhoun at the evidentiary hearing held before the undersigned on March 30, 2009. The problem with this argument is that the information provided to the Court in March of 2009 was not available to Detective Michelin when he prepared the application in support of the request for search warrant. There is no evidence in the record that supports a finding that Detective Michelin knew or should have known that the statements he received from Abbott and Calhoun were false. In the opinion of the undersigned, defendant has failed to support the argument that Detective Michelin recklessly relied upon information received from Abbott and Calhoun in his affidavit provided in support of the request for search warrant.

Defendant next argues that the search of Rodgers' bedroom at Calhoun's apartment was conducted prior to the issuance and arrival of the search warrant. The testimony of Marcus Paul Nelson offered at the hearing on September 22, 2009, does not provide support for this argument. Mr. Nelson was able to testify that he heard noises from below, but that testimony does not establish that a search of the bedroom occupied by Rodgers was conducted prior to the arrival of the search warrant. The testimony of the officers at the hearing held on March 30, 2009, provides ample support for the conclusion that the search of the locked bedroom did not occur until after the arrival of the search warrant. Accordingly, there is no support for this argument. The November 12, 2008, audio recording recently provided to the Court does not support this argument. The statement by

Steven Calhoun, "Can I be a witness to what's going on in there," does not establish that the search of the room occurred before the warrant arrived.

Moreover, it is respectfully recommended that the Court find that defendant Rodgers did not have an expectation of privacy protected by the Fourth Amendment requiring a warrant to search the locked bedroom in Calhoun's apartment. Rodgers was a convicted felon on supervised release. One of the conditions of his supervised release was to permit a probation officer to visit him at any time at his home or elsewhere and permit confiscation of any contraband observed in plain view of the probation officer. Based on his status as being a convicted felon on supervised release, Rodgers had a reduced expectation of privacy in his legitimate residence. *See United States v. Smith*, 526 F.3d 306 (6th Cir. May 22, 2008). In *United States v. Smith*, the Court explained:

> After balancing Sampson's privacy interests against the State's law-and-order interests, the Court held that the search was reasonable because (1) Samson's status as a parolee, together with his parole-search condition, deprived him of "an expectation of privacy that society would recognize as legitimate" and (2) the State has an "overwhelming interest in supervising parolees." *Id*. at 850, 852-53, 126 S.Ct. 2193 (internal quotation marks omitted).

*Id*. at 309.

In the opinion of the undersigned, the Court's decision in *United States v. Smith* stands for the proposition that an individual on supervised release has a significantly reduced expectation of privacy in their legitimate residence. In the instant case, the alleged residence in question was maintained in violation of the conditions of supervised release. It is recommended that the Court find that Rodgers did not have an expectation of privacy protected by the Fourth Amendment in an illegally maintained residence. Furthermore, to the extent that Rodgers did have an expectation of privacy recognized by the Fourth Amendment, that expectation was so reduced that police officers would not be required to secure a warrant to search the premises. Probable cause

existed, which was established in the warrant, and this would provide a sufficient basis to justify a search.

Accordingly, it is respectfully recommended that defendant's Motion to Suppress Evidence (Docket #127) be denied.

NOTICE TO PARTIES:   Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 9, 2009