UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES,

    Plaintiff,

v.

KEVIN JERMAINE RODGERS,

    Defendant.
_____/

File No. 2:08-cr-56

HON. ROBERT HOLMES BELL

## **O P I N I O N**

Before the Court is a report and recommendation ("R&R") of Magistrate Judge Timothy P. Greeley (Dkt. No. 163) recommending that this Court deny Defendant's motion to suppress evidence obtained pursuant to a search warrant (Dkt. No. 127). Defendant has filed objections to the R&R. (Dkt. No. 167.) This Court is required to make a *de novo* determination of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**I.**

On November 12, 2008, Defendant Kevin Jermaine Rodgers, an individual on supervised release for a drug conviction in 2004, was arrested after allegedly selling crack cocaine to an undercover officer, Michigan State Trooper Craig Michelin, a member of the Upper Peninsula Substance Enforcement Team ("UPSET"). On the day of Defendant's

arrest, UPSET officers went to Defendant's known residence in Marquette, Michigan, and interviewed Defendant's girlfriend, Cristal Abbott. Abbott indicated that Defendant rented a room in Ishpeming, Michigan, at the residence of Steven Calhoun. Abbott indicated that, on the previous day, she had seen Defendant in possession of a large sum of money at the Ishpeming residence. Abbott took the officers to Calhoun's residence, where Calhoun confirmed that Defendant shared the residence. Calhoun consented to a search of his residence, but officers waited to obtain a warrant before searching a locked bedroom used by Defendant. Detective Michelin prepared an affidavit and obtained the warrant to search the bedroom. Defendant filed a motion to suppress evidence obtained from the search pursuant to that warrant, and the R&R recommends denial of the motion. Additional facts and procedural history are set forth in the R&R.

## II.

Defendant's first objection challenges the determination in the R&R that the search was executed pursuant to a valid search warrant. Defendant contends that it was reckless and unreasonable for officers to rely upon certain statements of Cristal Abbott and Steven Calhoun set forth in the affidavit in support of the warrant, citing *United States v. Kolodziej*, 712 F.2d 975 (5th Cir. 1983). Specifically, Defendant challenges Abbott's statements that she saw Defendant in possession of a large sum of money at the Ishpeming residence and Calhoun's statements that Defendant maintained a residence with him at the Ishpeming location.

2

The Supreme Court directs that a court reviewing the sufficiency of a warrant affidavit adopt a deferential approach:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.

*Illlinois v. Gates*, 462 U.S. 213, 238 (1983) (citations omitted). In *Kolodziej*, the Fifth Circuit determined that a co-conspirator's statement that the defendant kept proceeds from narcotic transactions in his vehicle and safety deposit box could not support a finding of probable cause to search the defendant's home and automobile. *Kolodziej*, 712 F.2d at 978. In evaluating the sufficiency of the statement, the court determined that no basis for the informant's knowledge was set forth in the affidavit. *Id.* at 977. In the absence of such a basis, the court reasoned that there needed to be some showing of the informant's reliability. *Id*; *see Arizona v. Evans*, 514 U.S. 1, 17 (1995) ("[W]here an informant provides information about certain criminal activities but does not specify the basis for his knowledge, a finding of probable cause based on that information will not be upheld unless the informant is 'known for [his] unusual reliability.'") (quoting *Gates*, 462 U.S. at 233). The court determined that such a showing had not been, in part, because "tips made to curry favor with the police" make an informant's declaration less reliable. *Id.* at 978. Defendant argues that Abbott's statements were made to direct suspicion away from drug sales at her own

3

residence, and that Calhoun's statements that Defendant maintained a residence at Calhoun's apartment could not be trusted because there was evidence in the warrant affidavit implicating Calhoun in criminal drug activity.[1] Defendant argues that it was reckless and unreasonable to credit Abbott's and Calhoun's statements without further investigation. Defendant contends that there is no statement in the warrant as to the credibility or reliability of Abbott or Calhoun.

Unlike the affidavit in *Kolodziej*, however, the warrant affidavit in the instant case sets forth a basis for Abbott's knowledge. The affidavit indicates that Abbott had witnessed Rodgers complete "approximately one hundred" crack cocaine transactions, that she saw Rodgers store a large sum of money and sixty-three grams of cocaine at the Ishpeming residence on the day before the affidavit was signed. In other words, Abbott did not offer an unsupported conclusion that evidence of criminal activity could be found at the Ishpeming residence; her statements were based on her own personal observations. *See Gates*, 462 U.S. at 234 (noting that even where there is "doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case"); *United States v. Gallatin*, 88 F. App'x 54, 58 (6th Cir. 2004) (unpublished), *vacated on other grounds*, 543 U.S. 1110 (2005) (crediting the statements of an accomplice, in part, on the basis that, "'[w]hen a witness has seen evidence in a specific location in the immediate past,

---

[1] According to the warrant affidavit, Abbott indicated that she witnessed Calhoun sell drugs at his residence.

and is willing to be named in the affidavit, the 'totality of the circumstances' presents a 'substantial basis' for conducting a search for that evidence.'") (quoting *United States v. Pelham*, 801 F.2d 875, 878 (6th Cir. 1986)).

The Court also notes that the affidavit in the instant case provided separate grounds for establishing that Defendant was involved in ongoing criminal activity. The affidavit indicates that Detective Michelin was personally involved in multiple undercover drug transactions with Defendant, including one occurring on the day that the affidavit was signed. Thus, the issue is whether Abbott's and Calhoun's statements and the other evidence in the warrant affidavit were sufficient to establish a nexus between Defendant's involvement in criminal activity and the location searched, Defendant's room at the residence in Ishpeming. *See United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) ("To justify a search, the circumstances must indicate why evidence of illegal activity will be found 'in a particular place.' There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'") (quoting *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)). There is ample Sixth Circuit authority indicating that minimal evidence is required to establish a nexus between a known drug dealer's criminal activity and his residence. *See United States v. Williams*, 544 F.3d 683, 687 (6th Cir. 2008) ("In a recent line of cases, we have held that an issuing judge may infer that drug traffickers use their homes to store drugs and otherwise further their drug trafficking."); *United States v. McPhearson*, 469 F.3d 518, 525 (6th Cir. 2006) (citing case law permitting "a magistrate to draw the inference that

evidence of wrongdoing would be found in the defendants' homes" where there was the "independently corroborated fact that the defendants were known drug dealers at the time"); *United States v. Newton*, 389 F.3d 631, 635-36 (6th Cir. 2004), *vacated on other grounds*, 546 U.S. 803 (2005) (holding that in cases involving a "drug dealer with continuing and ongoing operations," "the lack of a direct known link between the criminal activity and residence[] becomes minimal"). At the same time, the "uncorroborated statements [of] a confidential informant" may not be sufficient to establish such a nexus. *United States v. Gunter*, 266 F. App'x 415, 419 (6th Cir. 2008) (unpublished). However, Abbott was not a confidential informant; she is named in the affidavit. "[N]amed informants, unlike confidential informants, require little corroboration." *Williams*, 544 F.3d at 690. Moreover, her statements were at least partially corroborated by other evidence. *See Gates*, 462 U.S. at 246 (indicating that "corroboration of major portions" of an informant's tip is generally sufficient to establish veracity). Abbott provided descriptions of the Ishpeming residence and was able to take officers to that location. The affidavit indicates that her statements as to the location and description of the residence were confirmed by inspection of the premises, and her statements that Defendant used that location as a residence were separately confirmed by Calhoun and by documents found in Defendant's possession.[2]

Moreover, the affidavit provided other grounds for establishing a nexus between

---

[2]The affidavit notes that agents discovered in Defendant's possession an "Application for Michigan Title & Registration" dated less than a week prior to the affidavit that listed the Ishpeming address as his current address.

Defendant's criminal activity and the Ishpeming residence. The affidavit notes that Defendant was on supervised release from a prior drug conviction and that the affiant initially went to Defendant's "known residence" in Marquette. Evidence obtained after subsequent investigation, including statements from Abbott and Calhoun and documents recovered from Defendant, indicated that Defendant maintained his residence in Ishpeming. According to the affidavit, Abbott indicated that Defendant listed the Marquette residence only because he was on supervised release, and had mail sent to the Marquette address to "give the appearance" that he lived there even though his "real" residence was in Ishpeming. Though not explicitly stated in such terms in the warrant affidavit, the implication is that Defendant intended to conceal his activity at the Ishpeming residence. The Sixth Circuit considered similar circumstances in upholding the warrant in *United States v. Caicedo*, 85 F.3d 1184 (6th Cir. l996). *See id.* at 1193 (finding a sufficient nexus where the defendant lied to authorities about his address and where the affiant indicated that the lie might indicate that evidence of criminal activity was being concealed at the defendant's actual residence); *see also Newton*, 389 F.3d at 642 (Moore, J., concurring) (noting as a factor that defendant "may have attempted to conceal from officers that [the location searched] was his true residence").

Finally, the Court notes that the particular statements in the warrant affidavit that are challenged by Defendant in his motion to suppress were not necessary to establish probable cause. Calhoun's statements regarding Defendant's use of the residence in Ishpeming were

7

separately established by Abbott and by documents in Defendant's possession. Moreover, Abbott's statement that she saw Defendant in possession of a large sum of money at the Ishpeming residence was not the only evidence linking Defendant's alleged criminal activity to that residence. For instance, Abbott also indicated that she saw Defendant store drugs in a safe at the Ishpeming residence. Thus, to the extent that Defendant's motion challenges the validity of the warrant based on the foregoing statements, it is without merit.

For the foregoing reasons, Defendant's reliance on *Kolodziej* is misplaced; moreover, the Court finds that, considering the totality of circumstances, the magistrate issuing the warrant had a substantial basis for concluding that probable cause existed to support the warrant, even without the statements challenged by Defendant. Thus, the Court will deny Defendant's objections to the R&R, adopt the R&R, and deny the motion to suppress. The Court notes that Defendant also objects to the alternate holding in the R&R that a defendant on supervised release maintaining a residence in violation of the conditions of that release enjoys a lower expectation of privacy such that a warrant to search his residence is not necessary. Because the Court will adopt the R&R and deny Defendant's motion to suppress on the basis that the search of the residence in Ishpeming was executed pursuant to a valid search warrant, the Court declines to adopt or address the alternate holding of the R&R that Defendant enjoyed a reduced expectation of privacy in the location searched.

An order will be entered that is consistent with this opinion.

Dated: October 26, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE