UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                            File No. 2:08-cr-56

v.

                                            HON. ROBERT HOLMES BELL

KEVIN JERMAINE RODGERS,

       Defendant.
                                   /

**O P I N I O N**

Before the Court are motions by Defendant Kevin Jermaine Rodgers to exclude evidence (Dkt. Nos. 62, 113, 130), as well as a motion by the government to exclude Defendant's presentation of an alibi defense. (Dkt. No. 164.)

**I.**

Because Defendant's evidentiary motions address overlapping issues, the Court will address his motions on an issue-by-issue basis.

**A.    References to search warrant**

Defendant seeks to exclude references to the search warrant and its "judicial imprimatur." In a line of authority cited by the government, the Seventh Circuit notes:

> It is one thing for a government witness, when telling his story to the jury, to say a search warrant had been obtained, and then the search was made. Although arguably not technically relevant, the information is simply part of the witness's story. It is

1

> quite another thing for a government witness to indicate not only that court authorization for the wiretap had been obtained, but to go on about how various other law enforcement personnel believed there was probable cause to obtain the authorization, and to describe the procedures followed in seeking the authorization.

*United States v. Cunningham*, 462 F.3d 708, 714 (7th Cir. 2006). The government contends that the evidence of the warrant is necessary to prevent jury confusion regarding the details and timing of the investigation. According to the government, agents obtained consent from the owner of a residence to conduct the search of that residence, but did not immediately search a locked room used by Defendant until they obtained a warrant.

The probative value of evidence regarding the warrant depends upon how it arises. Generally, the Court will permit limited references to the search warrant if given as part of an officer's testimony for the purpose of explaining his course of conduct; however, the Court generally will not permit testimony as to the procedures for obtaining the warrant, or that a judge approved the warrant, unless the validity of the search and/or the warrant is in issue at trial.

**B.     Defendant's supervised release status**

Defendant seeks to exclude evidence that he was on supervised release at the time of commission of the underlying offense. According to the government, Defendant was released from prison in December 2006 and was on supervised release for his 2004 drug conviction until the time of his arrest in connection with this case. The government contends that it intends to introduce evidence of statements that Defendant made in his supervised release reports to his probation officer. These reports included information regarding

2

Defendant's residence, the persons living with him, his employment, and his monthly cash inflow and outflow. Defendant's motion does not specifically challenge admission of the contents of the supervised release reports, except to the extent that they disclose his supervised release status. The Court agrees that evidence of supervised release status may be unfairly prejudicial. *Cf. United States v. Calhoun*, 544 F.2d 291, 295-96 (6th Cir. 1976) (parole officer testimony); *United States v. Poston*, 430 F.3d 706, 709 (6th Cir. 1970) (evidence of probation).

The government contends that evidence that Defendant lied to authorities in his supervised release reports regarding the location of his residence is evidence of consciousness of guilt. The Court notes that the probative value of Defendant's misrepresentations as evidence of consciousness of guilt (and therefore of actual guilt) depends upon at least four inferences: (1) from the existence of the false reports to intentional misrepresentation, (2) from intentional misrepresentation to consciousness of guilt, (3) from consciousness of guilt to consciousness of guilt concerning the crime charged, and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged. *See United States v. Cody*, 498 F.3d 582, 591 (6th Cir. 2007) (setting forth analogous factors in analyzing "suicidal ideations" as evidence of consciousness of guilt). By this analysis, the probative value of this evidence is limited and is substantially outweighed by the potential for prejudice from disclosure of Defendant's supervised release status.

The government also contends that Defendant's report of monthly cash flow of a few hundred dollars provides "context" for the "unusual" sum of $13,000 discovered at his residence in Ishpeming. *See United States v. Jackson-Randolph*, 282 F.3d 369, 378 (6th Cir. 2002) ("[E]vidence of unexplained wealth is probative and admissible if it creates an inference of a defendant's involvement in drug trafficking."). However, even if the government cannot use the supervised release reports, the government is not precluded from offering into evidence the fact that they uncovered $13,000, or from offering other evidence of context for this sum of money.

Thus, the Court will grant Defendant's motion to exclude references to his supervised release status, including his supervised release reports to the extent that their admission requires disclosure of the fact of his supervised release status.

## C. Contents of audio recordings

Defendant moves to exclude audio recordings that were created by Detective Michelin from August and November 2008 while he was working undercover to facilitate purchases of drugs from Defendant and co-Defendants King and Lampinen. Defendant contends that the recordings should be excluded because they are inaudible and unintelligible.

For such evidence, the Sixth Circuit has held:

> It is well settled that the admission of tape recordings at trial rests within the sound discretion of the trial court. That discretion presumes, as a prerequisite to admission, that the tapes be authentic, accurate and trustworthy. Moreover, they must be audible and sufficiently comprehensible for the jury to consider the contents. Recordings will be deemed inadmissible if the "unintelligible portions are so substantial as to render the recording as a whole untrustworthy."

4

*United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983) (citations omitted). The government apparently concedes that the quality of the recordings is poor and contends that it will not play the tapes for the jury; however, the government intends to have Detective Michelin testify that he was present at the drug purchases with a concealed recording device, and that his own voice and the voices of co-Defendant Lampinen and co-Defendant King can be heard on the recordings. Defendant responds that if the tapes are not admissible, the government should not be permitted to testify as to their contents. The Court agrees. Testifying as to the contents of the tapes without presenting them to the jury would only serve to cause the jury to speculate as to why they had not been admitted into evidence. *Cf. Schaefer v. Commonwealth of Kentucky*, 622 S.W.2d 218, 219 (Ky. 1981) (reasoning that "testimony referring to [an] excluded tape unfairly corroborated the prosecution's case since repeated mention of the tape could have influenced the jury's determination of what transpired at the meeting."). Morever, given that Detective Michelin can testify as to his observations of what transpired at the drug purchases, additional testimony as to which individuals can be heard on a tape recording of those meetings appears to have limited probative value. Thus, Defendant's motion to exclude the recordings will be denied as moot, but the Court notes that it is inclined to exclude testimony as to the contents of the tapes if the tapes themselves are not admitted into evidence.

**D.    Domestic disputes**

Defendant seeks to exclude evidence of police reports of domestic disputes and/or

assaults involving Defendant and his girlfriend, Cristal Abbott, who is expected to testify that she lived with Defendant until he moved to another residence. The government asserts that it will not introduce evidence of domestic disputes if Defendant does not examine Abbott regarding these issues. Thus, Defendant's motion to exclude this evidence will be denied as moot; provided, however, that the Court is inclined to exclude evidence indicating that Defendant assaulted Abbott.

**E.     Possession of a handgun in 1999**

Defendant seeks to exclude evidence that he possessed a handgun, or a bulge in the shape of a handgun, in 1999. The government asserts that it does not intend to introduce this evidence; thus, Defendant's motion to exclude this evidence will be denied as moot.

**F.     Defendant's resume**

Defendant seeks to exclude his resume. The government notes that it received a copy of the resume as part of Defendant's supervised release report in July/August 2008. The government contends that the resume is a statement that Defendant was looking for work, and argues that the resume is admissible for the same reasons that the supervised release reports are admissible. The Court will grant Defendant's motion to exclude his resume to the extent that its admission would disclose the fact of Defendant's supervised release.

**G.     Expert testimony regarding drug trafficking**

Defendant seeks to exclude "agent expert testimony regarding the drug trade" but does not indicate a basis for objection. Rule 702 permits evidence of "specialized knowledge

6

[that] will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. The Court will generally allow such agent expert testimony if the agent's experience and qualifications are established and if such testimony otherwise satisfies the requirements of the evidentiary rules. *See United States v. Johnson*, 488 F.3d 690, 698 (6th Cir. 2007) ("Courts generally have permitted police officers to testify as experts regarding drug trafficking as long as the testimony is relevant and reliable. . . . 'Our court regularly allows qualified law enforcement personnel to testify on characteristics of criminal activity, as long as appropriate cautionary instructions are given, since knowledge of such activity is generally beyond the understanding of the average layman.'") (quoting *United States v. Swafford*, 385 F.3d 1026, 1040 (6th Cir. 2004)). There is no basis at this time for the Court to exclude any agent expert testimony regarding drug trafficking. Defendant's motion to exclude agent expert testimony will be denied.

### H.     References to the "OJ Simpson" case

Defendant does not state the basis for its objection to references to the "OJ Simpson" case, and the government contends that it does not intend to introduce any such evidence. This basis for Defendant's motion will be denied as moot.

### I.     Opinion testimony re defendant's nods and gestures

The government intends to admit testimony from two officers regarding certain nods and gestures made by Defendant during an interview with him while he was in custody. The parties do not dispute that the Court has ruled that this evidence is admissible (Dkt. No. 96,

7

05/04/2009 Order on Motions to Suppress.); however, Defendant contends that the Court should not permit *opinion* testimony on the meaning of these gestures. Defendant does not offer any basis for this objection. Lay witness opinion testimony that is "rationally based on the perception of the witness" is admissible under Rule 701 of the Federal Rules of Evidence. *See United States v. Mendoza*, 636 F. App'x 371, 390 (10th Cir. 2007) (upholding admission of lay witness opinion testimony on the meaning of a gesture). In the absence of a basis for exclusion, Defendant's motion to exclude this testimony will be denied.

**J.    Rule 404(b) evidence of other acts of drug distribution**

Defendant moves to exclude the government's Rule 404(b) evidence that Defendant was involved in distributing powder and crack cocaine to a confidential informant on three occasions in 2003 and 2004. The government asserts that it will not introduce evidence of the 2004 conviction for distribution of cocaine base unless Defendant takes the stand. The government nevertheless contends that evidence of the prior acts of distribution is admissible to establish intent to distribute and/or intent to participate in a conspiracy to distribute drugs.

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such evidence may be admissible to show "intent, preparation, plan, knowledge, [etc.] . . . ." provided that the prosecution provides "reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." *Id.* Before admitting such evidence, the court must:

8

> (1) make a preliminary finding as to whether sufficient evidence exists that the prior act occurred; (2) determine that the other act is admissible for one of the proper purposes outlined in Rule 404(b); and (3) apply Rule 403 balancing to determine whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice or the other concerns embodied in Rule 403.

*United States v. Love*, 254 F. App'x 511, 514 (6th Cir. 2007).

Evidence of prior acts is permitted under Rule 404(b) to show intent for specific intent crimes. *Id.* at 515. The government cites *United States v. Merriweather*, 78 F.3d 1070 (6th Cir. 1996), *United States v. Ayoub*, 498 F.3d 532, 548 (6th Cir. 2007) ("We have repeatedly recognized that prior drug-distribution evidence is admissible to show intent to distribute."), and *United States v. Jenkins*, 345 F.3d 928, 938 (6th Cir. 2003) (collecting cases), in support of admission of its 404(b) evidence.

However, even if evidence of prior acts of drug distribution is admissible to show intent under Rule 404(b), the Court must still determine its relevance and weigh this relevance against the potential prejudice pursuant to Rule 403. *See* Fed. R. Evid. 403. To be relevant, the prior acts must be "substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004); *see United States v. Stephens*, 549 F.3d 459, 463 (6th Cir. 2008) ("[T]his court has recently held that prior drug-distribution convictions may not be used to demonstrate the intent to distribute drugs in *unrelated* cases.") (emphasis added); *United States v. Bell*, 516 F.3d 432, 444 (6th Cir. 2008) ("The only way to reach the conclusion that the person currently has the intent to possess and distribute based solely on evidence of

9

*unrelated* prior convictions for drug distribution is by employing the very kind of reasoning-*i.e.*, once a drug dealer, always a drug dealer-which 404(b) excludes."). In *Bell*, the court noted that:

> Unless the past and present crime are related by being part of the same scheme of drug distribution or by having the same *modus operandi*, the fact that a defendant has intended to possess and distribute drugs in the past does not logically compel the conclusion that he presently intends to possess and distribute drugs.

*Bell*, 516 F.3d at 433-34. In summary, while the government cites case law indicating instances in which the Sixth Circuit has allowed evidence of prior acts of drug distribution to show intent in other cases, the government does not explain the relevance of acts occurring at least four years before the charged offenses in the instant case and the Court cannot discern any. The Sixth Circuit's recent opinion in *Bell* implicitly rejects the notion that evidence of prior acts of drug distribution is always probative of intent for a subsequent act of drug distribution:

> Here, [defendant's] prior convictions were for unlawful possession of cocaine and marijuana with intent to distribute, the same type of charges at issue in this case. However, the convictions were for offenses that occurred several years previously and were not alleged to be part of the same scheme to distribute drugs or to involve a similar modus operandi. Such evidence of prior distribution, unconnected to the present charge, is not probative of whether [defendant] intended to possess and distribute drugs in the instant case.

*Bell*, 516 F.3d at 444. Thus, based on the information before the Court at this time, Defendant's motion to exclude will be granted and the government's Rule 404(b) evidence

will be excluded from presentation in its case in chief[1] because it appears that this evidence is not probative of issues in this case.

## II.

Defendant also seeks a detailed offer of proof of any government expert testimony. (Dkt. No. 130, Mot. in Limine at 2.) The government asserts that its notice to Defendant complies with Rule 16(a)(1)(G). *See* Fed. R. Crim. P. 16(a)(1)(G) (requiring a written summary of testimony that the government intends to offer pursuant to Rule 702 of the Federal Rules of Evidence). Defendant has not indicated how the government's notice is deficient. Therefore, Defendant's request will be denied.

## III.

For its part, the government moves to exclude Defendant's alibi defense with respect to Counts 2, 4, and 5, for lack of sufficient information. Rule 12.1(a)(2) of the Federal Rules of Criminal Procedure requires a defendant to provide the "name, address, and telephone number" of each alibi witness. Rule 12.1(a)(2) also provides that the Defendant's disclosures must be provided within ten days of the government's request. According to the government, it requested disclosure by letter to Defendant's counsel on August 11, 2009. (Dkt. No. 151, Gov't's Resp. to Notice.) Defendant filed his initial notice on September 15, 2009 (Dkt. No. 150) and a supplemental notice on October 1, 2009 (Dkt. No. 158). The government responded to the latter notice. (Dkt. No. 164.) Defendant filed a second supplemental notice

---

[1] This Court's holding does not preclude the government from offering such evidence in rebuttal to Defendant's case or for impeachment purposes.

on October 20, 2009 (Dkt. No. 171). Rule 12.1(d) provides that the Court may grant an exception to the disclosure rules for "good cause." Finally, Rule 12.1(e) provides that the Court *may* exclude the testimony of "undisclosed" witnesses for failure to comply with the Rule, though the rule "does not limit the defendant's right to testify." Fed. R. Crim. P. 12.1(e) (emphasis added). In considering whether to exclude testimony for failure to comply with the rule, the Court will consider:

> (1) the amount of prejudice that resulted from the failure to disclose, (2) the reason for nondisclosure, (3) the extent to which the harm caused by nondisclosure was mitigated by subsequent events, (4) the weight of the properly admitted evidence supporting a defendant's guilt, and (5) other relevant factors arising out of the case.

*United States v. Causey*, 834 F.2d 1277, 1282 n.2 (6th Cir. 1987).

Defendant's supplemental notices appear to have cured most of the defects in his earlier notices. To the extent that the latter notices were untimely filed, the Court has discretion to modify the timing requirements. *United States v. Henderson*, No. 94-5645, 1995 WL 122785, at *11 (6th Cir. Mar. 21, 1995) (unpublished). To the extent that the most recent notice continues to be insufficient with respect to any of Defendant's planned witnesses, the government has not indicated how it would be prejudiced and there is no basis at this time for the Court to evaluate any of the factors set forth in *Causey*. The Court also notes that, contrary to the government's request, Rule 12.1 does not allow the Court to exclude presentation of an alibi *defense*; it merely allows the Court to exclude the *testimony* of undisclosed witnesses. *See* Fed. R. Crim. P. 12.1(e). For the foregoing reasons, the government's request to exclude presentation of the Defendant's alibi defense will be denied;

however, the government may re-raise, at trial, any objections to the admission of the testimony of any particular witness that it contends was not properly disclosed pursuant to Rule 12.1.

An order will be entered that is consistent with this opinion.


Dated: October 26, 2009                                         /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                UNITED STATES DISTRICT JUDGE